UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MUKESH SURINARINE,                                                   1:21-cv-02242 (WFK)(KP)

                Plaintiff,                          **ANSWER TO VERIFIED**
                                                                           **COMPLAINT**

    -against-

MESA AIRLINES, INC., and UNITED AIRLINES, INC.

                Defendants.
------------------------------------------------------------------------X

        Defendant, UNITED AIRLINES, INC., by its attorneys, BROWN GAVALAS & FROMM LLP, as and for its Answer to the Verified Complaint of plaintiff, alleges, upon information and belief, as follows:

        1.  Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Verified Complaint.

        2.  Answering defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Verified Complaint.

        3.  Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Verified Complaint.

        4.  Answering defendant lacks sufficient knowledge or information to form a belief as to truth of the allegations contained in paragraph 4 of the Verified Complaint.

        5.  Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Verified Complaint.

        6.  Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Verified Complaint.

7. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Verified Complaint.

8. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Verified Complaint.

9. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Verified Complaint.

10. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Verified Complaint.

11. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Verified Complaint.

12. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Verified Complaint.

13. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Verified Complaint.

14. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Verified Complaint.

15. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Verified Complaint.

16. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Verified Complaint.

17. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Verified Complaint.

18. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Verified Complaint.

19. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Verified Complaint.

20. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Verified Complaint.

21. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Verified Complaint.

22. Answering defendant denies all of the allegations contained in paragraph 22 of the Verified Complaint except admits that United Airlines, Inc. and Mesa Airlines, Inc. entered into an agreement pursuant to which Flight 6160 from George Bush Intercontinental Airport, Houston, Texas to LaGuardia Airport, East Elmhurst, New York was being operated on February 5, 2020.

23. Answering defendant denies all of the allegations contained in paragraph 23 of the Verified Complaint except admits that Mesa Airlines, Inc.'s flight crew was assigned to the subject aircraft for Flight 6160 from George Bush Intercontinental Airport, Houston, Texas to LaGuardia Airport, East Elmhurst, New York on February 5, 2020.

24. Answering defendant denies all of the allegations contained in paragraph 24 of the Verified Complaint except admit that United Airlines, Inc. is a corporation organized under the laws of the State of Delaware.

25. Answering defendant denies all of the allegations contained in paragraph 25 of the Verified Complaint.

26. Answering defendant denies all of the allegations contained in paragraph 26 of the Verified Complaint.

27. Answering defendant denies all of the allegations contained in paragraph 27 of the Verified Complaint.

28. Answering defendant denies all of the allegations contained in paragraph 28 of the Verified Complaint.

29. Answering defendant denies all of the allegations contained in paragraph 29 of the Verified Complaint.

30. Answering defendant denies all of the allegations contained in paragraph 30 of the Verified Complaint except admits that United Airlines, Inc. is an air carrier that provides air transportation.

31. Answering defendant denies all of the allegations contained in paragraph 31 of the Verified Complaint except admits that United Airlines, Inc. is an air carrier that provides air transportation.

32. Answering defendant denies all of the allegations contained in paragraph 32 of the Verified Complaint.

33. Answering defendant denies all of the allegations contained in paragraph 33 of the Verified Complaint.

34. Answering defendant denies all of the allegations contained in paragraph 34 of the Verified Complaint.

35. Answering defendant denies all of the allegations contained in paragraph 35 of the Verified Complaint.

36. Answering defendant denies all of the allegations contained in paragraph 36 of the Verified Complaint.

37. Answering defendant denies all of the allegations contained in paragraph 37 of the Verified Complaint.

38. Answering defendant denies all of the allegations contained in paragraph 38 of the Verified Complaint.

39. Answering defendant denies all of the allegations contained in paragraph 39 of the Verified Complaint.

40. Answering defendant denies all of the allegations contained in paragraph 40 of the Verified Complaint.

41. Answering defendant denies all of the allegations contained in paragraph 41 of the Verified Complaint.

42. Answering defendant denies all of the allegations contained in paragraph 42 of the Verified Complaint.

43. Answering defendant denies all of the allegations contained in paragraph 43 of the Verified Complaint except admits that Mukesh Surinarine was a passenger assigned to seat 23D on Flight No. 6160 from George Bush Intercontinental Airport, Houston, Texas to LaGuardia Airport, East Elmhurst, New York on February 5, 2020.

44. Answering defendant denies all of the allegations contained in paragraph 44 of the Verified Complaint.

45. Answering defendant denies all of the allegations contained in paragraph 45 of the Verified Complaint.

46. Answering defendant denies all of the allegations contained in paragraph 46 of the Verified Complaint.

47. Answering defendant denies all of the allegations contained in paragraph 47 of the Verified Complaint and refer all issues of law to the Court for determination.

48. Answering defendant denies all of the allegations contained in paragraph 48 of the Verified Complaint.

49. Answering defendant denies all of the allegations contained in paragraph 49 of the Verified Complaint.

50. Answering defendant denies all of the allegations contained in paragraph 50 of the Verified Complaint.

51. Answering defendant denies all of the allegations contained in paragraph 51 of the Verified Complaint and refer all issues of law to the Court for determination.

52. Answering defendant denies all of the allegations contained in paragraph 52 of the Verified Complaint.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Verified Complaint should be dismissed for failure to state a claim against defendants upon which relief can be granted.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

This action should be dismissed for failure to join necessary and indispensable parties to the extent the existence of said parties is revealed during discovery.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the Verified Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of the plaintiff.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct, if any, of said defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

If the answering defendants are found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and, therefore, this answering defendant's liability shall be limited to its equitable share, pursuant to CPLR Article 16.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Any past or future costs or expenses incurred or to be incurred by the plaintiff(s) for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in CPLR §4545 (c).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

The injuries alleged, all of which are denied by the answering defendants, were caused by the intervening, interceding and superseding acts of third parties not under the control of the answering defendants, and therefore the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to said culpable conduct which caused the damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

This action is barred by the doctrines of laches, estoppel and waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The incident and damages alleged in the Verified Complaint, if any, resulted from a sudden emergency or conditions or occurrences for which answering defendant is not liable or responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The incident and damages alleged in the Verified Complaint, if any, resulted from plaintiff's breach and/or failure to abide by the applicable terms of the contract of carriage, failure to follow the lawful directions of the flight crew and failure to abide by applicable Federal Aviation Regulations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are governed by the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 ("Montreal Convention"), S. Treaty Doc. No. 106-45, which expressly preempts all state and federal claims. Pursuant to the Montreal Convention, United Airlines, Inc. claims exemption from liability, or limitation of liability, in accordance with the terms of the Montreal Convention, or other agreements or conditions of carriage and tariff filings.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as he failed to comply with conditions precedent to commencing an action under the Montreal Convention.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff's claims are not preempted by the Montreal Convention, then plaintiff's claims are preempted in whole or in part by Federal law including but not limited to the Federal Aviation Act of 1958, 49 U.S.C. § 40101 *et seq.*, and its regulations and the Airline Deregulation Act ("ADA"), 49 U.S.C. § 1305 and other applicable statutes and regulations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant is entitled to a set-off pursuant to GOL §15-108 for the proportional share of any settling tortfeasor's percentage of liability or the amount paid by the settling tortfeasor, whichever is greater.

## RESERVATION TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Answering Defendant reserves the right to assert such other affirmative defenses that may be revealed during their investigation and/or the course of discovery.

WHEREFORE, Answering Defendants request that the Verified Complaint be dismissed with prejudice together with costs and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 27, 2021

Respectfully submitted,

s/ Fred G. Wexler
Fred G. Wexler, Esq. (FW-7015)
BROWN GAVALAS & FROMM LLP
Attorneys for United Airlines, Inc. and Mesa Airlines, Inc.
505 Fifth Avenue, 5th Avenue
New York, New York 10017
(212)983-8500

TO:

Benjamin Katz, Esq.
RAPHAELSON & LEVINE LAW FIRM, P.C.
Attorneys for Plaintiff
14 Penn Plaza, Suite 1718
New York, New York 10122
(212)268-3222